

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 19 2013
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **David E Mack**<br>*Plaintiff,*<br><br>vs<br><br>**FIRST FINANCIAL ASSET MANAGEMENT, INC.**<br>*Defendant.* | Case No. 4:13cv546<br><br>Judge Clark<br><br>**TRIAL BY JURY DEMANDED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF THE ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and for damages for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 (TCPA) / Texas Business Code Ann. § 305.053. Plaintiff seeks to recover monetary damages for Defendant's violations of the FDCPA, and TCPA / Texas Business Code Ann.

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331.

### PARTIES

2. The Plaintiff in this lawsuit is David E Mack ("Plaintiff"), a natural person, who resides in Collin County, Texas.

3. Defendant FIRST FINANCIAL ASSET MANAGEMENT, INC. (FFAM) is a debt collection company with offices located at 230 Peachtree Street, 17th Floor, Atlanta, GA 30303 who at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

4. FFAM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. FFAM is in the business of collecting consumer debts using the mails and telephone and regularly collects, or attempts to collect, consumer debts owed, or alleged to be owed, to another person.

## VENUE

6. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County.

7. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

8. On March 6, 2013 Plaintiff received a phone call to his wireless phone number 267-402-0768 at **7:53 AM** which originated from 888-771-3380. Said number is a number known to be used by FFAM in their debt collection operations.

9. At no time has the Plaintiff given his express consent, written or otherwise, to FFAM to call his wireless phone number.

10. When the phone rang the Plaintiff was in the bathroom and attempted to hurriedly exit the bathroom and reach the phone to answer it but the caller hung up just before he answered. The call interrupted the Plaintiff's personal activities in the bathroom and was harassing and abusive to the Plaintiff because the calling party hung up before he was able to answer.

11. The call was placed using equipment with automatic telephone dialing system capabilities and the caller hung up before the Plaintiff could make it to and answer the phone. The caller failed to make any disclosure of who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6). Calling the Plaintiff's wireless phone number using automatic telephone dialing system capable equipment without Plaintiff's express consent was a violation of the Texas Business Code Ann. § 305.053.

12. On March 11, 2013 Plaintiff received a second phone call to his wireless phone number 267-402-0768 at 7:47 PM which originated from 888-771-3380. Said number is a number known to be used by FFAM in their debt collection operations.

13. When the phone rang the Plaintiff was on another phone call preparing for a conference call and by the time he was able to get to the wireless phone and answer it the caller had again hung up. Having to stop his preparations to answer the wireless call only to find the calling party had hung up again was harassing, abusive and disruptive because the Plaintiff was in the midst of preparations to start a multi-party conference call.

14. The call by FFAM was placed using equipment with automatic telephone dialing system capabilities and the caller hung up before the Plaintiff could answer the call. The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's harassing and abusive actions and/or its failure to disclose the identity or purpose of its call were a violation of 15 U.S.C. § 1692d and/or § 1692d(6). Calling the Plaintiff's wireless phone number using automatic telephone dialing system capable

equipment without Plaintiff's express consent was a violation of the Texas Business Code Ann. § 305.053.

15. Plaintiff called 888-771-3380 on March 13, 2013 at 12:14 PM to ascertain who was calling him and received a recorded message when the call was connected that he had contacted First Financial Asset Management where he was then placed on hold and eventually hung up without speaking to any party.

16. 15 U.S.C. § 1692d(6) states in part:

**15 U.S.C. § 1692d - Harassment or Abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

17. Texas Business Code Annotated § 305.053 states in part:

**TEXAS BUSINESS CODE ANNOTATED § 305.053**

(a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for:

(1) an injunction;

(2) damages in the amount provided by this section; or

(3) both an injunction and damages.

(b) **A plaintiff who prevails in an action for damages under this section is entitled to the greater of:**

**(1) $500 for each violation**; or

(2) the plaintiff's actual damages.

**(c) If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of:**

**(1) $1,500 for each violation**; or

(2) three times the plaintiff's actual damages.

## COUNT I

## VIOLATIONS OF THE FDCPA

18. Plaintiff repeats and re-alleges each and every allegation stated above.

19. Defendants' aforementioned conduct violated the FDCPA.

    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated the FDCPA.

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;

    c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

    d. Awarding Plaintiff post-judgment interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF TEXAS BUSINESS CODE ANNOTATED § 305.053

20. Plaintiff repeats and re-alleges each and every allegation stated above.

21. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated the TCPA/Texas Business Code Ann. § 305.053.

    b. Awarding Plaintiff statutory damages, pursuant to Texas Business Code Ann. § 305.053 in the amount of $500 for the first call made to Plaintiff and $1500 for the

second call made to Plaintiff which was an intentional and knowing violation of the code.

c. Awarding Plaintiff any attorney's fees and costs incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: September 19, 2013

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642